I'm going to call the last case on the court's docket for this. Yes, Your Honor. This case is on the docket on the street at 16-0533. The defendant will be seated at 4-1. Mr. President's appellee, the Marquis Alexander, defendant's appellant. Earlier than on the record, the defendant's appellant was Manuela Hernandez. On behalf of the president's appellee, we will suspend the case. Thank you. Mr. Hernandez, on behalf of the defendant's appellant, you may proceed. Thank you. Good afternoon and may it please the court. Again, my name is Manuela Hernandez. I'm from the Office of the State Appellate Defender and I'm appearing on behalf of Mr. Marquis Alexander. Now, Mr. Alexander was sentenced to an extended period of four years for a class 4 felony after he failed to complete his second opportunity in probation, to complete 30 months of probation. And I submit to this court that the record in this case is clear that the court sentenced Mr. Alexander to this extended period of four years not based on the underlying offense, but because of his failure to comply with the conditions of his probation and because of his negative attitude towards probation and his unapologetic attitude regarding his failure to complete probation. And what specifically did the court say to the defendant that gave you the position or gave rise to your position that the court sentenced him for the earlier offense? Yes, Your Honor. So if you, that it did not sentence him for the earlier offense. Yes. So if you look at the record, I mean, the court did speak for a lengthy period of time. And the court focused almost exclusively on the defendant's failure to complete probation and all of the things that he had failed to do and the excuses that he gave to the court with respect to probation and also just basically the fact that he was an irresponsible person that had been unable to complete probation. The court barely mentions the underlying offense. The court mentions it in passing when it's talking about Mr. Alexander's criminal record. The court is discussing the fact that Mr. Alexander had previously been sentenced to probation on two prior felony convictions years before he had completed it. Then the court goes into the conditional discharge, which was the sentence that he received for the other domestic violence conviction, and then goes on to say... How would you respond to this argument that the court's comments along those lines were in response to the defendant claiming that he had stayed out of trouble while he was on probation and the court is really pointing out that he had not simply stayed out of trouble? Could the court's comments be justified on that basis? I think that the court was not wrong to make these comments. Because the defendant said he stayed out of trouble and the court was contradicting him. Yes, and Mr. Alexander did fail to complete probation and he did give a lot of excuses about why he didn't complete probation and he did have a negative attitude towards probation because he had said, I believe in his presentence report, that he thought that if he had to complete probation it was ridiculous. And I don't think that it was wrong for the court to make these statements to him. It's just that the court failed to consider the underlying offense and it is understandable that the court was upset at the fact that the court gave Mr. Alexander two opportunities to complete probation and he failed to do so and he didn't really have a good reason for that. But the breach of trust cannot overshadow the court's requirement that he must be sentenced not based on these violations but based on the underlying offense which was domestic battery in this case. When the defendant said to the court that placing him back on probation would be ridiculous was that proper for the court to consider that? Yes, it was proper for the court to consider that. The court can consider his violation of probation is allowed to consider it with respect to his rehabilitative potential. And I think that those statements by Mr. Alexander were certainly something that the court was allowed to consider. I mean, clearly he's stating to the court I don't want to complete probation. I'm not saying that the court was wrong to consider the fact that he violated probation the reasons why he violated probation and his own attitude towards probation. My argument is really that the court was upset about this. The court failed to consider the underlying offense and decided to sentence Mr. Alexander to an extended period of four years after the court had already twice sentenced him to probation for this offense simply based on these violations of probation and that was error. Ms. Hernandez, did the court specifically say when it was wrapping up its remarks that he was sentencing the defendant for a class four felony domestic battery? If the court said that, how does that play into your argument? Yes, Your Honor. So the court did state that. However, just a passing reference to the underlying offense is not sufficient because the record has to clearly demonstrate that the court is sentencing the defendant based on the underlying offense and not on the factors... Well, what should the court have said? How would it be any clearer than that when you said I'm sentencing him for the offense of domestic battery? Well, I think that perhaps the court could have discussed the facts of the underlying offense. You know, this is what happened, this is what you did. Interestingly, in this case, Mr. Alexander's sentence of probation was based on a plea of guilty that was negotiated with the state and at the time of the original sentencing there was really no discussion with respect to mitigating factors and aggravating factors. So here I think that because there is a very special requirement in cases where a defendant is being sentenced after probation has been revoked and this requirement is that the record clearly demonstrate that the court sentenced the defendant based on the underlying offense and not on the violation of probation and anything that happened thereafter, I think it's important that the court would describe perhaps the nature of the offense and discuss the aggravating and mitigating factors with respect to that offense. You said that the record must clearly demonstrate that the defendant was sentenced for the original offense. I thought the case law says that we won't set aside a sentence unless we're strongly persuaded that the court in fact sentenced the person on the revocation and not the underlying offense. Well, yes, Your Honor. There is people versus young. I believe the language is that the record, that the court has to be convinced that in fact the court sentenced the defendant based on the violation of probation rather than the underlying offense and I think that this is the case where it is pretty clear that the court just made a passive reference to the underlying offense, was clearly upset about Mr. Alexander's attitude, irreverent attitude towards probation, and the court really focused almost entirely on Mr. Alexander's failure to complete probation. So I think that this satisfies this threshold that the record has to clearly, well, the record has to clearly demonstrate that the court considered the underlying offense, but I believe that it is also clear that the court sentenced Mr. Alexander based on his violation of probation rather than the underlying offense. Now... Did the PSI reference the underlying offense? It did. It gave facts about it? Yes, it did. I mean, and the trial judge did say at the opening of the sentencing that I've considered everything including the PSI. That is correct, Your Honor, but I would like to point to this court's decision in People v. Varghese. In that case, and I apologize if I'm not pronouncing the name correctly, but I believe in that case the court also considered the PSI, and it stated on the record that the court had considered the PSI, and this court said that was not enough to clearly demonstrate that the court had considered the underlying offense because the court has to expressly consider the underlying offense. Ms. Hernandez, can you address the issue? Is there a forfeiture issue here? There is, Your Honor. Mr. Alexander did not raise this issue at the time when he was sentenced, and he did not file a post-trial motion. So why is it not forfeited? Well, I would ask first that this court consider relaxing the forfeiture rules because this was a result of the court's error, but I also ask that this court can analyze this issue under the plain error doctrine. I believe both prongs of plain error apply in this case. So first, the evidence in Mr. Alexander's sentencing hearing was close. There were mitigating factors in favor of Mr. Alexander. Mr. Alexander is a young father. At the time that he was serving probation, he was taking care of his child, and this was part of the reason why he was unable to complete probation. The court also acknowledged that Mr. Alexander had had a tough childhood and that he had expressed during the sentencing hearing his desire to become a better person for himself and for his family. The court then considered his record. Now, I submit that the court had already considered Mr. Alexander's record when the court had sentenced him twice to probation. So there was nothing different here except for the violation of probation. Now, the court was allowed to consider the violation of probation, but I would argue that this violation did not warrant such a steep increase in his sentence. The sentence of probation, the original sentence of probation, was by agreement, correct? It was, but then Mr. Alexander violated it one time and the court again sentenced him to probation. The trial court never... I mean, the trial court, by accepting the parties' agreement, does not exercise his or her description as to what sentence the trial court would have imposed, correct? Correct, Your Honor. However, the court does not have to accept the negotiated agreement. Well, that's a given. The court does not have to, but in most circumstances, the courts accept. Even if the court might disagree with the agreement that's reached, traditionally, courts will agree to enter a sentence that's agreed upon between the state and the defense, because in those situations, usually the parties know better what the defense background record, criminal history is, the facts of the case, correct? That is correct. But again, Your Honor, I would argue that in order to do that, the court must have thought that probation based on Mr. Alexander's record was appropriate, and based on the underlying facts which were recited during his original sentencing, in this case. After the first resentencing, before this resentencing, didn't the defendant pick up some traffic matters at a criminal trespassing? Did the trial court reference that? I believe that... I'm not sure that... The trial court's talking about it, and the trial court said, I resentenced you to a new period of probation, then you picked up traffic matters in August of 15, you have a criminal trespass to land, which is still pending, and then the second petition was filed. Yes, that's right. That's what the court says. Although, again, Your Honor, it is part of Mr. Alexander's pattern of being irresponsible, but I don't think that this necessarily warrants such a steep increase. He went from 30 months of probation to four years, to an extended period of four years, and there's not even any mention about the underlying offense and why this would be an appropriate sentence for the crime that he had committed. So, based on the evidence that was in front of the court and that was presented by the parties, I would argue that the evidence was close and that this court may reach this issue under the Plain Error Doctrine. And the second form of the Plain Error also applies here because he was denied a fair sentencing hearing when the court failed to consider the underlying offense. It seems here, and this is what I'm arguing, that the court sentenced him to four years because the court was upset that he did not complete probation. And this denies Mr. Alexander's right to be lawfully sentenced. So, as a result, I'm going to ask that this court will vacate his sentence and either reduce his sentence or remand the case for resentencing. Now, I would like to move on to the second argument. Now, we asked this court to vacate Mr. Alexander's 200 DNA fee and $100 lab fee. The state agrees that Mr. Alexander should not be subjective to these fees. The DNA, because he had already been convicted of a felony, so it was probably already collected. Does the state also take the position, I believe, that the trial court never actually imposed the fee? Well, the trial court did impose the fee. So, if you look at the common law record, 56, which is the order, the financial order, it is signed by the judge. That's the resent order. Yes, so that's the final one. The earlier two orders? The earlier two orders did not. So, I do agree with the state that the court probably did not want to, but the court did. This was not a situation where it was the clerk of the court who issued this order. It was actually signed by the court. So, this court does have jurisdiction to reach this issue and I would ask that this court vacate the fees. I take it you're less concerned about what rationale we use to vacate the fees than the fact that we do it, right? I'm sorry? I take it you're less concerned about the reasoning why we would vacate the fees than the fact that we do it. That would be your main concern, right? That is correct, Your Honor. If we find it was improperly granted or it was never imposed, you're not going to worry about that, right? Right, as long as there's no longer a $300 amount pending. So, if there are no more questions, thank you. Alright, Ms. Lee, you may proceed. Stephanie Lee for the state. I would first point out, as Justice Burkett had said, there actually is a forfeiture issue here as to Argument 1. Not only was the defendant told that he had to make a formal motion to reduce or to reconsider his sentence if he wanted to preserve that issue, which he never did, we essentially had him now claiming that there was an error. So, it should be considered under a plain error standard, which I would point out that Varghese was actually considered under an abuse of discretion standard, which would be a different standard. Also, I think that Varghese is distinguishable and as Justice Burkett pointed out, the language that says you have to show that they clearly didn't consider it in order to reduce. Ms. Lee, let me ask you a point of question. Is forfeiture a doctrine that limits the parties of the court? It limits the parties. But we don't have to abuse forfeiture, do we? Usually, it would be you still should be looking at it as whether it would fall under plain error. If you did want to consider it on your own discretion, then you would look at the abuse of discretion. And if you're going to look at an abuse of discretion here, you have the fact that it's in the sentencing range, which is one to six years. He got four. The court did explain why he was getting four. He said partly because the defendant had already had a three-year sentence in the Department of Corrections. He felt that that should be considered. I think there also has to be a distinction between the idea of considering the defendant's negative attitude as defendant refers to it as, or counsel refers to it as a negative attitude versus an actual penalty for the failure to complete probation. Two totally different things. Can you call our attention to what specific remarks that the sentencing judge or the judge made in the pronouncing sentence that specifically assure us that he was resentenced on the original offense and not on the conduct subsequent? In this case? Well, yes. First of all, he began by saying you're up for sentencing on case number 14 CF 549, which is... Well, that would be a gift. Of course, you cite the case number. What comments, though, tell us that he was resentenced as a result of the original conviction? Well, he said that he was sentencing him for the class for aggravated battery. He also did say some facts about this that he picked up this... He was given a break the first time and he picked up the current charge while he was on conditional discharge, which means he was considering those facts. We also had the state's argument, which mentioned some of those, that the defendant had the same victim, and the fact that he did, in fact, say he was considering the PSI, which describes the facts in detail. The other thing is the nature of the offense itself, while, yes, he does have to be sentenced for that, is only one part of the aggravating and mitigating factors. There are definitely other factors that the court is authorized and, in fact, should consider, such as the defendant's demeanor, the defendant's credibility, the defendant's prior record. Did the court say that it was considering all statutory factors in aggravation and mitigation? Yes. The court did say that, didn't it? Yes. Is there a presumption when the court says that, that the court has, in fact, considered those factors? Is there some case law that says that? Yes, there is case law that says obviously that Verghese, the court had also said that they were considering those factors. Obviously, we would ask, you know, the court to look at Justice Burke's dissent in that case because... In Verghese? Did he eliminate the majority opinion? No, I think that Verghese is distinguishable, so we can certainly distinguish it from the one point I, again, was considering an abuse of discretion standard versus what should be a plain error assuming that the court will find forfeiture. Obviously, those are two very different standards, but also in Verghese, I don't think there's no mention of the states making any argument about any... There's no mention in Verghese about them discussing anything about the facts of the underlying case versus in our case, there is actually. There's the state's reference to it, there's the judge's reference to it in terms of it being, having been picked up while he was already on conditional discharge, and there is, I mean, it is in the PSI, which again, in Verghese, it also was, but in this case, we know that the state had said some facts about it, and we also know that the court did as well. So that would be a difference. Plus, I think again, while it has to show that they're sentenced on that, which again, he was sentenced in the range of this offense, so clearly he knew it was 1-6 and he gave him 4, the you know, we know that he sentenced him within the range he knew what he was sentencing him for, I should say. And he's certainly allowed to consider those other factors. The order of protection that was offered and aggravation, the mitigating factors he said he considered. He said he considered the fact that you were relatively young, you have a child, you want to make it better. He said, I'm considering the aggravation of the order of protection. So we know that there's more of a detail, whereas in Bergeith, the judge kept saying, this conduct is horrendous, this conduct is terrible. And what he was talking about was the conduct of that particular defendant in going out and trying to meet up with, I think it was a 14 or 16-year-old girl for sexual relations. And that was the conduct that caused the violation in the first place. So it was very clear that the judge was only focusing on that conduct. We don't have that here. And then I do agree that the defendant definitely invited the discussion in this case. He was found to have violated probation by the court and stood up in front of the court and continually said, I didn't violate, I didn't violate. And the judge had a right, I believe, to respond to that and explain to the defendant why, yes, in fact, he did. And I think I'll move on to the second issue. The state does agree that this defendant should not be ordered to pay this lab fee and the DNA testing fee. The problem that comes in is it was pre-printed on an order. It does not match, the pre-printed order does not match what the court orally said, which was, I'm imposing all the previous unpaid fines and fees. The order itself, it's handwritten at the number 605 under fines, fees, and penalties, which implies that's like the total would be 605. In addition to that, isn't there a whole body of case law that says the court's oral pronouncement controls over the order? Yes, and I have cited that in my brief as well. I do think that is the case. Obviously, it does, this does make it distinguishable from Barra where we don't know where it came from. But the problem... But we're not in the same place, do we not, in light of your concession? Not exactly. If you're going to make an order that says he doesn't owe that $300, I would request that it be clear that it's not coming off of the 605 because we don't know, we don't have in front of us in this record any kind of indication that the clerk has recorded those fees. So if they only recorded the 605 and the 308, he doesn't get a discount against that because that does not include those two fees. So I think that any order would... I would request that it could be clear that it doesn't subtract it from those other order fees. But do I agree he doesn't owe them? I do. I just don't think they were actually ordered by the court in that sense. I do understand absolutely there is a signed court order that has them pre-printed on there, not crossed off. So I don't know, not the clearest way to do it, obviously. We could correct the metamask to remove those boxes, basically. Absolutely. I would just, you know, as the state, I would request just that it's become clear that that's not being subtracted from the 605 or the 308. And that would absolutely be appropriate. Thank you very much. Okay. Thank you. Thank you. So now that you may address the court in rebuttal. Thank you very briefly. The state argues here in part that the sentence, that it doesn't matter really that the court did not consider the underlying offense because the sentence was well within the range. However, I submit to you that the fact that the sentence was within the sentencing range does not foreclose the question as to whether the sentencing was proper in this case. And that point would be well taken. Okay. Great. Thanks. Now, I would also argue that this case is very similar to Marghese in that the court here very much focuses on Mr. Alexander's violation of probation. And very almost does not mention at all the underlying offense. And I will point to the one sentence which is in the report of proceeding, page 17, where the court mentions the underlying offense which is, and then you picked up this domestic battery, which they did treat as a felony in 2014. And I would argue that that's just a passing reference. And with respect to the State's argument, it's basically the same. The State also focused almost entirely on the violation of probation, only mentions the underlying offense as part of his criminal history. And I would argue that this is insufficient. The conduct in Mr. Marghese was specific criminal conduct, correct? That is correct. That would have been crimes independent of the sentence of probation, correct? Yes. And the sentencing judge focused on that conduct. Here, it was more in general nature the defendant's character and attitude, correct? Yes. Isn't that different? It is different, but I would argue, Your Honor, that that makes this sentencing more egregious than the sentencing in Marghese. Because in Marghese, the conduct that the court was upset about and that made the court feel that he needed a much harsher sentence was that he was reoffending in a very similar type of way, which was I believe is engaging in some sort of conduct, inappropriate conduct with minors. In this case, really what had happened was that Mr. Alexander did not comply with probation. There was some trespassing case that was pending, but it's nothing compared to what the court was looking at in Marghese. So, if there are no more questions... Rehabilitative potential, the court can look at these things. I mean, you conceived that. Yes, Your Honor. The work that he did on probation for his rehabilitative potential, can that also go to aggravate the sentence? I mean, it seems to me your argument and I don't want to put words in your mouth, but your argument may be that maybe he shouldn't have been put back on probation, but he shouldn't have got four years. That is correct. You've said it very succinctly. But can you, as a trial judge, look at the rehabilitative potential in way how much of a sentence to give, whether to give one year, two years, or four years? That is correct, Your Honor. I do believe that the court may look at these violations as rehabilitative potential. However, I don't think that this violation of probation in and of itself warrants such a steep increase in Mr. Alexander's sentence. And I think that the court was doing this not because of the facts of the underlying offense, which originally had the court sentence him to probation. This court did this because he violated probation and he violated the court's trust. So if there are no more questions, thank you for your time. Thank you, Mr. Harris. All right. I would like to thank counsel from both sides for the quality of their arguments here this afternoon. The matter will, of course, of necessity be taken under advisement, and a written decision will issue in this matter in due course. We stand adjourned, subject to call.